UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE SOCIETY OF LLOYD'S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:03CV01113 HEA |
| | ) | |
| ROBERT W. FUERST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Compel, [Doc. # 258], and plaintiff's Motion for Hearing on the Motion to Compel, [Doc. # 271]. For the reasons set forth below, the Motion for Hearing is denied and the Motion to Compel is granted.

On July 12, 2004, this Court granted plaintiff's motion for summary judgment against defendant. Judgment was entered that same day. This judgment was affirmed by the United States Court of Appeals on July 11, 2005. Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, plaintiff seeks the production of documents and answers to deposition questions regarding defendant's finances. Rule 69(a) provides that a judgment creditor (plaintiff) is entitled to obtain discovery from the judgment debtor (defendant) in aid of the judgment or execution.

Defendant, however, persists in refusing to comply with the proper requests by attempting to invoke his rights against self incrimination provided by the Fifth Amendment to the United States Constitution and the Missouri State Constitution. While defendant argues that Missouri case law applies, and has cited several cases decided by the Missouri state courts, this Court is required to follow those decisions decided by the Eighth Circuit Court of Appeals. Although defendant argues that *Capital Products Corp. v. Heron*, 457 F.2d 541 (8th Cir. 1972) is an "old" case, defendant has presented nothing to this Court that the standards set forth in *Capital Products* are no longer applicable. Pursuant to *Capital Products*, there is no blanket Fifth Amendment right to refuse to answer questions in a noncriminal proceeding. *Id.*, at 542. The privilege against self incrimination must be supported by a substantial and real danger of incrimination. *Id.*, st 543. See also, *Eckert v. Commissioner of Internal Revenue*, 721 F.2d 248, 250 (8th Cir. 1983); *In re Grand Jury Proceedings: Samuelson*, 763 F.2d 321, 323 (8th Cir. 1985). The record before the Court establishes that there exists no substantial and real danger of incrimination. Defendant testified under oath at the attempted deposition that he was unaware of any investigation or criminal proceedings against him. He has offered no evidence to establish that his stated ground for the refusal to answer questions regarding his finances was anything other than imaginary. *Capital*

*Products*, 457 F.2d at 543. It is incumbent upon defendant to so establish the danger of self incrimination exists unless the danger is readily apparent. *Eckert*, 721 F.2d at 250. Defendant has failed to meet this burden. Defendant simply refused to answer questions without further explanation.

This matter has been pending before this Court since 2003. As the record indicates, the original judgment in the English Court was entered in 1998. Needless to say, the Court is unamused by defendant's efforts to further prolong this litigation. Plaintiff is within its rights to inquire into defendant's finances in execution of its judgment. Further attempts to thwart these efforts on the part of defendant will not be taken lightly by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel defendant Harold Ilg to Produce Documents and Appear for Deposition in St. Louis, Missouri, [Doc. # 258], is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Hearing on the Motion to Compel, [Doc. # 271], is denied as moot.

**IT IS FURTHER ORDERED** that defendant Ilg shall produce documents and appear for his deposition in St. Louis, Missouri upon service of a subpoena by plaintiff. Plaintiff shall schedule the deposition within a reasonable time from the

date of this order, keeping in mind that defendant's appearance at the deposition will require defendant to travel to St. Louis to appear.

**IT IS FURTHER ORDERED** that plaintiff's request for fees and expenses with respect to this motion is denied.

Dated this 25th day of January, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE